## In re Moody.

[No. 11,305. Filed November 4, 1921.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Un-
lawful Employment.—Right to Compensation.*—A minor not
lawfully employed cannot recover compensation under the
Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.*
Burns' Supp. 1918) for injuries he may sustain. p. 589.

2. MASTER AND SERVANT.— *Workmen's Compensation Act.—
Right to Compensation.—Minor Sixteen Years Old Employed
in Mine.—Legality of Employment.—Statutes.*—Under §23 of
the School Attendance Act (Acts 1921 p. 337), prohibiting the
employment of minors under the age of eighteen years in cer-
tain dangerous occupations, or "in any other occupation dan-
gerous to life or limb or injurious to health or morals of such
minors," and §22 of the same act, prohibiting the employment

of minors under the age of sixteen in a number of less hazardous employments therein named, including mining, the two sections being reconcilable, and the specific occupation of mining mentioned in §22 constituting an exception to the occupations generally included in §23, a minor over the age of sixteen years may lawfully be employed in a mine so as to bring him within the definition of an employe contained in §76 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), as amended by Acts 1919 p. 158. pp. 589, 592.

3. STATUTES.—*Construction.*—*Statutes Expressing both General and Particular Intention.*—Where a general intention is expressed, and the act also expresses a particular intention incompatible with the general intention, the ·particular intention is to be considered in the nature of an exception, while if a particular thing is limited in a preceding part of a statute, this shall not be· taken away or altered by any subsequent general words of the same statute. p. 591.

From the Industrial Board of Indiana.

Certified questions of law.

Proceedings under the Workmen's Compensation Act in the matter of one John Moody. Certified questions of law by the Industrial Board. *Questions answered.*

NICHOLS, P. J.—On the facts hereinafter stated, the Industrial Board of Indiana, hereby certified for our consideration and determination, the questions of law hereinafter stated.

*Statement of facts.* John Moody was born on May 1, 1904, and at all times hereinafter stated was over sixteen years of age and under eighteen years of age; on June 3, 1921, said Moody entered the service of a corporation engaged in mining coal in Sullivan county, Indiana; said corporation is hereinafter designated as the operator; at said time and ever since said operator has been engaged in mining coal in Sullivan county, Indiana, and has had employed in its mine more than ten men; said Moody worked for said operator in said mine as a coal miner continuously from June 3, 1921, until

September 6, 1921, at an average weekly wage in excess
of $24; on said date, while engaged in the discharge of
the duty that he was hired to perform, to wit: loading
coal, he received a personal injury by an accident aris-
ing out of and in the course of the performance of said
work, resulting in the loss by amputation of his right
foot; said operator had actual knowledge of said injury
at the time that it occurred.    Said Moody has filed with
the Industrial Board of Indiana his claim against said
operator and against the insurance carrier of said oper-
ator, as authorized by amended §73, cl. e, of the
Workmen's Compensation Act, Acts 1919 p. 158, for
compensation on account of his injury.    Said operator
admits liability for compensation, but its insurance car-
rier denies liability upon the sole and only ground that
said Moody at the time of his injury was not lawfully
in the service of said operator.    This contention is based
upon the single proposition that a boy under eighteen
years of age having filed with the coal operator his
written statement showing his age, residence, birth-
place and next of kin, as required by §7 of an act to pre-
vent industrial accidents, etc. (Acts 1921 p. 871, 877),
and having procured and filed with the operator the
certificate of competency required by §3 of an act con-
cerning labor, etc. (Acts 1911 p. 658, §8624c Burns
1914), and having procured and filed with the operator
the certificate required by §19 of the School Attendance
Law of 1921, (Acts 1921 p. 337), is not an employe
within the meaning of the Indiana Workmen's Compen-
sation Act (Acts 1915 p. 392, §80201 *et seq.* Burns'
Supp. 1918).  In other words, that under such conditions
he is not lawfully in the service of the operator.  In sup-
port of its contention said insurance carrier relies upon
the definition of an employe as set out in §76, cl. b, of
the Indiana Workmen's Compensation Act, Acts 1919
p. 158; upon the rulings of the Supreme and Appellate

Courts in the cases of *New Albany Box & Basket Co.* v. *Davidson* (1920), 189 Ind. 57, 125 N. E. 904, and *In re Stoner* (1920), 74 Ind. App. 324, 128 N. E. 938; upon the legislative declaration in §1 of an act concerning labor (Acts 1911 p. 658, *supra*), "That the business of mining coal is hereby declared a dangerous occupation, industry and business subject to the provisions of this act," and upon the legislative declaration in §23 of the School Attendance Law of 1921 (Acts 1921 p. 337) that no minor under eighteen years of age shall be employed to work in any capacity in certain occupations therein enumerated or "in any other occupation dangerous to life or limb."

On the other hand, the injured party and the operator contend that the injured party, a boy of sixteen years of age, is a lawful employe within the meaning of §76, cl. b, of the Indiana Workmen's Compensation Act, Acts 1919 p. 158; that §22 of the School Attendance Law of 1921 (Acts 1921 p. 337) expressly provides that no minor under the age of sixteen years shall be employed, permitted or suffered to work in any capacity in or about any mine, and that the evident intent and effect of this section is to authorize the employment of boys more than sixteen years of age in mines when they have complied with the other provisions of the statute, as it is admitted Moody had done; that the declaration in §1 of an act concerning labor (Acts 1911 p. 658, *supra*) that the business of mining coal is declared a dangerous occupation and industry subject to the provisions of said act, is a declaration merely for the purpose of requiring the examination of coal miners and their certificates of competency and permits for apprentices as therein provided.

The Industrial Board of Indiana submits to this court the following questions of law for determination:

First:—Upon the foregoing facts, was John Moody

an employe of the coal operator for whom he was working at the time he received his injury?

Second:—Does the Industrial Board have jurisdiction to hear and determine his claim for compensation?

Said Moody had complied with all laws necessary to his lawful employment and he was lawfully employed, unless precluded from such employment by reason of his age as hereinafter discussed.

It is manifest, under the cases of *New Albany Box & Basket Co.* v. *Davidson, supra,* and *In re Stoner, supra,* that if the injured person was not lawfully 1. employed he cannot recover for his injuries under the Workmen's Compensation Act (Acts 1915 p. 392, *supra*).

Section 23 of the School Attendance Act (Acts 1921 p. 337, 352) provides that no minor under the age of eighteen years shall be employed, permitted or 2. suffered to work in any capacity in any of the following occupations: "Oiling and cleaning moving machinery; in the operation of emery wheels except for sharpening tools used by an apprentice in connection with his work; or at any abraisive, polishing or buffing wheel; in the operation of any elevator, life (lift) or hoisting machine, in or about establishments where nitro-glycerine, dynamite, dualin, guncotton, gunpowder, or other high explosives are manufactured, compounded or stored; in dipping, dyeing or packing matches;" etc. Following this inhibition of the employment of minors in such occupations, and after other inhibitions pertaining to the minor's moral welfare, the statute provides: "Or in any other occupation dangerous to life or limb or injurious to health or morals of such minors."

It will be observed that each of the specific occupations enumerated above are of a highly dangerous character.

19 C. J. 1255, states the doctrine of *ejusdem generis* to be that where an enumeration of specific things is followed by some general word or phrase, such more general word or phrase is to be held to refer to things of the same kind. Many authorities are cited as applying the rule.

We have here an enumeration of specific occupations each of which is highly dangerous, and a general phrase following including others, and under the rule aforesaid, it must be held to refer to occupations of the same class or character. Section 22 of the same act (Acts 1921 p. 337.) prohibits the employment of any minor under the age of sixteen years in a number of employments there named, each of which is less hazardous in its nature, and included in such less hazardous occupations is that of employment in or about any mine, quarry or excavation. As said §22, *supra,* prohibits the employment of persons under sixteen years of age in the less hazardous, though dangerous occupations, including employment in or about any mine, quarry or excavation, the necessary implication is that persons over sixteen years of age may be lawfully employed therein.

It being, then, lawful to employ any person over sixteen years of age in or about any mine under the provisions of §22, *supra,* unless the provision of such §22 as to mines can be differentiated from "other occupations dangerous to life or limb or injurious to health or morals" as found in §23, *supra,* the two sections are irreconcilable. But it appears that the phrase with refference to employment in or about any mine in §22, *supra,* names an occupation that is in a different class from the occupations named in §23, *supra,* and that therefore they are not irreconcilable.

This result may be reached by another process of reasoning. It is a well established rule of construction that "where a general intention is expressed, and the act also

expresses a particular intention incompatible with the general intention, the particular intention is to be considered in the nature of an exception. While if a particular thing is given out or limited in a preceding part of a statute, this shall not be taken away or altered by any subsequent general words of the same statute." *State, ex rel.* v. *Goetze* (1867), 22 Wis. 364. The same principle is stated in the case of *State* v. *Board, etc.* (1911), 175 Ind. 400, 94 N. E. 716, in the following language: "Words of general import in a statute are limited by words of restricted import, immediately following and relating to the same subject." It can make no difference whether the restricted terms follow the terms of general import or whether they precede them. The rule is stated in Endlich, Interpretation of Statutes §216 as quoted in *Commonwealth* v. *Lehigh, etc., R. Co.* (1920), 268 Pa. 271, 110 Atl. 725, as follows: "That where there are in an act specific provisions relating to a particular subject they must govern in respect to that subject, as against general provisions in other parts of the statute; although the latter standing alone would be broad enough to include the subject to which the more particular provisions relate. Hence, if there are two provisions in the same act of which one is special and particular and clearly includes the matter in controversy, whilst the other is general and would, if standing alone, include it also, and if, reading the general provisions side by side with the particular one, the inclusion of that matter in the former would produce a conflict between it and the special provision, it must be taken that the latter was designed as an exception to the general provision." Other authorities sustaining the rule are the following: *State, ex rel.* v. *Gordon* (1916), 268 Mo. 321, 188 S. W. 88; *Hodges* v. *Swastika Oil Co.* (1916), (Tex.) 185 S. W. 369; *Pence* v. *Pettett* (1918), 211 Ill.

App. 588; *Regan* v. *Ensley* (1920), 283 Mo. 297, 222 S. W. 773; *Commonwealth* v. *Lehigh, etc., R. Co., supra;* *Briggs* v. *Bloomingdale Cemetery Assn.* (1920), 113 Misc. Rep. 685, 185 N. Y. Supp. 348; *Sanford* v. *King* (1905), 19 S. D. 334, 103 N. W. 28; *State, ex rel.* v. *Hobe* (1900), 106 Wis. 411, 82 N. W. 336; *City of Covington* v. *McNickle's Heirs* (1857), 57 Ky. (18 B. Mon.) 262; *Mertene* v. *Moore* (1908), 108 Md. 636, 71 Atl. 461; *United States Cement Co.* v. *Cooper* (1909), 172 Ind. 599, 88 N. E. 69; *Brookings County* v. *Murphy* (1909), 23 S. D. 311, 121 N. W. 793; *In re Clyne* (1911), 131 N. Y. Supp. 1090.

In *State* v. *Shanks* (1912), 178 Ind. 330, 99 N. E. 481, it was held that statutes are to be construed so that full force and effect shall be given to all parts thereof, and this rule must be applied in ascertaining wherein language, which is specific necessarily, comes in conflict with that which is general. The efforts must in the first instant be to harmonize all the provisions of the statute by construing all parts together, and it is only when on such construction the repugnancy of special provisions to the general language is plainly manifest, that the intent of the legislature, as declared in the general enacting parts of the statute, is superseded.

Applying this rule in the construction of the act here involved, we hold that the mine employment mentioned in §22, *supra,* is a different class of employment

2.   from that of the dangerous occupations mentioned in §23, *supra,* and that the provision in said §22, *supra,* is therefore not incompatible with the provision in said §23, *supra;* but that if we were to concede that the provisions of the two sections are irreconcilable, we must then hold that the specific occupation of mining, mentioned in §22, *supra,* constitutes an exception to the occupations generally included in §23, *supra.* Having reached this conclusion we do not need

to construe the act of 1911, Acts 1911 p. 658, *supra*, for if it be conceded that the declaration in that act as to the business of mining being a dangerous occupation has a general application, rather than specific to the act in which it is found, still though it be a dangerous occupation it is not of that class of dangerous occupations mentioned in §23, *supra*. We hold that Moody's employment was lawful under the provisions of §22 of the School Attendance Act, *supra*, and is not prohibited by §23 of said act. We answer each of the questions propounded by the Industrial Board in the affirmative.