ROGERS ET AL *v*. THE CALUMET NATIONAL BANK OF HAMMOND ET AL.

[No. 26,906. Filed January 18, 1938. Rehearing denied April 5, 1938.]

*George E. Hershman, Harry Stilley,* and *Sam Sirois,* for appellants.

*Gerald A. Gillett,* and *Kal Waller,* for appellees.

SHAKE, J.—The city of Hammond is a municipal corporation of the second class. By an ordinance of its common council, adopted October 25, 1933, supplemented by another adopted February 14, 1936, the city created a department of water works and provided for

the election of five trustees thereof by the council for terms of one year and until their successors were elected and qualified. These ordinances were authorized and proper by virtue of authority granted by Chapter 235, Acts of 1933; §§48-5301 to 48-5303 Burns Ann. St. 1933, §12788 to 12790 Baldwin's Ind. St. 1934.

Pursuant to the ordinances referred to above, the council, on November 19, 1936, elected Columbus Smith, Edward Eggebrecht, Roy Rogers, Melvin Miles and Steven D. Moskoff as members of the board of trustees of the department of water works of said city. They will hereafter be referred to in this opinion as the "old board."

In 1937 the General Assembly amended Section 3 of Chap. 235, Acts of 1933, *supra,* to read as follows:

"In any city, having availed itself of the provisions of this act, other than a city of the fifth class, the board of trustees shall consist of five members and the members of such board shall be appointed by the mayor and approved by the council of such city. Upon the taking effect of this act, the term of the trustees now serving in all cities, other than cities of the fifth class, shall terminate and the mayor of such city shall appoint five trustees in the following manner: One trustee to serve for one year; one trustee to serve for two years; one trustee to serve for three years, and two trustees to serve for four years.

"Upon the expiration of the term of office of each of said trustees, the mayor of such city shall appoint a successor to be approved by the council of said city to serve for a term of four years from the date of such appointment."

This amendment became effective on March 9, 1937, and is Chapter 167, Acts of 1937, §48-5303 Burns Supp. 1937; §12790 Baldwin's Supp. 1937.

On March 11, 1937, the mayor of Hammond, pre-

suming to act under the provisions of the amendment of 1937, appointed Roy Rogers, Steven D. Moskoff, Herman Scurfield, Leonard Rosene and Percy T. Smith as trustees of the department of water works, but these appointments were not approved by the common council. The trustees appointed by the mayor will hereinafter be referred to as the "new board".

Between March 11, 1937, and March 31, 1937, when this action was commenced, the appellee The Calumet National Bank of Hammond was the depository of the department of water works, and as such had custody of its funds. During that period both boards assumed to function and the bank became apprehensive as to its liability if it should honor checks drawn by either. It therefore instituted this action under the Declaratory Judgments Act (Acts of 1927, Chap. 81; §§3-1101 to 3-1116, inc. Burns Ann. St. 1933; §§438 to 453, inc. Baldwin's Ind. St. 1934.) The members of both the old and new boards, the city of Hammond, the mayor and the members of the common council were made parties defendant. The complaint alleged substantially the facts above recited, and asked the court for a declaration determining the rights of the bank with respect to honoring and paying checks drawn on the account of the department of water works.

The venue of the cause was changed to the Jasper Circuit Court, where the issues were closed and the cause tried. As to the issues, we think it sufficient to say that the members of both boards presented cross-complaints or affirmative answers wherein they asserted their respective claims to the offices in question and asked for a declaratory judgment to that effect.

The cause was tried by the court on a stipulation of facts, supplemented by oral testimony. The trial court made a finding and rendered its judgment, holding that the trustees elected by the common council prior to the

enactment of the amendment of 1937, were entitled to be recognized by the appellee bank as the trustees of the department of water works of the city of Hammond until such time as the appointment of the members of the new board was approved by the common council of the city. The appellants, who are members of the new board, filed their motion for a new trial on the grounds: "1. That the finding of the court is not sustained by sufficient evidence," and "2. The finding of the court is contrary to law." The court overruled the motion for a new trial, an exception was saved, and this ruling is the only error assigned.

The appellees contend, in support of the finding and judgment of the trial court, that: (1) A proper interpretation of the Acts of 1937, Chap. 167, page 871; §48-5303 Burns Supp. 1937, §12790 Baldwin's Supp. 1937 required that the appointment of the members of the new board by the mayor of Hammond on March 11, 1937, should have been approved by the common council; (2) That Section 3 of Art. 15 of the Constitution of Indiana guaranteed to the members of the old board the right to serve out the terms for which they were appointed and until their successors were appointed and qualified, irrespective of Chapter 167, Acts of 1937; and (3) That the members of the new board must recover, if at all, on the strength of their own title, and not upon any alleged weakness in the title of the members of the old board to the offices in question.

Appellants contend, on the other hand, that: (1) Chapter 167, Acts of 1937, did not require the approval of the appointment of the members of the new board by the common council; (2) That Section 3 of Art. 15 of the State Constitution has no application, because the new board was legally appointed; and (3) That

since this action is prosecuted under the Declaratory Judgments Act, and, not by way of *quo warranto,* the title to the offices was not in issue, and that it was sufficient for the members of the new board to establish their status as *de facto* officers.

It appears from the stipulation joined in by all the parties that the members of the new board *"were duly qualified as provided by law* and each qualified according to Senate Bill 176 of the Acts of the General Assembly of the State of Indiana for the year 1937, the defendants Percy T. Smith, Edward T. Eggebrecht and Melvin Miles, however, undertaking to stipulate in nowise touching the validity or constitutionality, legality or force and effect of Senate Bill 176 of the Acts of the General Assembly of the State of Indiana for the year 1937"; that the appointments of the members of the new board "were never submitted to or approved by the Common Council of said City, by ordinance, resolution or any other manner" and "it is further stipulated and agreed by and between the parties hereto that the members of said Board of Water Works so appointed by the Mayor now claim to be in possession of said office and to be the duly appointed, qualified and acting members of the Board of Water Works of the City of Hammond."

It is also made to appear from the oral testimony that from the date of their alleged appointment on March 11th, until March 31st, when this action was begun below, the members of the new board claimed the offices in controversy, held meetings and performed duties pertaining to the same, all under color of their said appointment.

We will first consider the statute here involved (Chap. 167, Acts of 1937; §48-5303 Burns Supp. 1937; §12790 Baldwin's Supp. 1937). Its effect was to terminate the terms of trustees of departments of water works

elected by the common councils of all cities, other than those of the fifth class, as authorized by Chapter 235, Acts of 1933; §§48-5301 to 48-5303 Burns 1933; §§12788 to 12790, Baldwin's 1934, and to provide another method of selecting such trustees. It is provided that upon the taking effect of the act the mayor shall appoint five trustees for stated terms. This provision is silent as to any necessity for the initial appointments being approved by the council, although the paragraph which immediately follows does specify that "upon the expiration of the term of office of each of said trustees" (reference clearly being had to those appointed by the mayor in the first instance), the appointment shall "be approved by the council of said city."

The terms of this statute are clear and unambiguous. It was within the province of the legislature to provide how trustees of water works departments should be selected. It might have directed, as was formerly the law, that such trustees should be elected by the council. It might have lodged the appointive power exclusively in the mayor or it might have said, as it did in this instance, that the first trustees, should be appointed by the mayor, but that thereafter such appointments should be made with the council's approval. Indeed, we can see sound and sufficient reasons for the provisions of this act. It appears on its face that it *terminated* the terms of incumbents and it contained an emergency clause, rendering it immediately effective on its approval by the Governor, which occurred on March 9, 1937. The legislature may well have had in mind that municipal water plants represent large investments, rendering essential public service in the communities where they are located, and that to require approval of the appointment of the first trustees by the councils might occasion delay, since city councils are not

in constant session, but meet on stated occasions or upon call, requiring notice. The law-making body may have reasoned that in the transition from the old to the new boards nothing should be required that might occasion delay, or leave these valuable properties without responsible officers in charge, and this was accomplished by giving the mayor unhampered authority to name the first trustees.

Equally sound reasons may be observed for the provision directing that subsequent appointments should only be made with the approval of the city council. Upon expiration of the terms of the original trustees they would continue in office, under the terms of the act, and by virtue of Article 15, Sec. 3 of the State Constitution, until their successors were chosen and qualified. No possibility of these municipal properties being without responsible officers in charge would arise. Under such circumstances the legislature may wisely have concluded that the appointment of subsequent trustees should be subject to the approval of the city council.

The construction which we have placed upon the act under consideration lends force and vitality to each and all of its provisions and permits us to keep within the literal meaning of its express language. "In giving force to a statute, courts should look to the language used by the lawmaking power as expressive of its will; and where this language is plain and free from ambiguity, and the meaning expressed is definite, a literal interpretation of the statute should be adopted. . . . It is not within the province of the court to take from or to enlarge the meaning of a statute by reading into it language which will, in the opinion of the court, correct any supposed omissions or defects therein." *Pere Marquette R. Co.* v. *Baertz* (1905), 36 Ind. App. 408, 414, 74 N. E. 551.

In reaching the above conclusion we have not overlooked the fact that the first sentence of that part of the act of 1937 (Chap. 167, Acts of 1937), quoted in this opinion, says: "In any city, having availed itself of the provisions of this act, other than a city of the fifth class, the board of trustees shall consist of five members and the members of such board shall be appointed by the mayor and approved by the council of such city."

We think, however, that this language, considering its place in the act and that it is followed by a specific qualifying clause, has reference to the long-view application of the act, rather than to the method by which it is to be set in motion in the first instance. In the case of *In re Moody* (1921), 76 Ind. App. 585, 132 N. E. 668, it was held that where a general intention is expressed, and the act also expresses a particular intention incompatible with the general intention, the particular intention is to be considered in the nature of an exception, while if a particular thing is limited in a preceding part of a statute, this shall not be taken away or altered by any subsequent general words of the same statute. It is, therefore, our conclusion that on March 11, 1937, the mayor of Hammond possessed full power and authority to appoint the first board of trustees of its department of water works, without approval of the common council.

Since it was stipulated by the parties that the members of the new board "were duly qualified as provided by law," with reservations only as to the question of the necessity of their appointment being approved by the common council, it may be said that when this action was commenced the persons designated as the new board in this opinion were entitled to be recognized by the appellee bank as the trustees of the department of water works of the city of Hammond.

There is no constitutional question involved here. It is true that the members of the old board were public officers. *Long* v. *Stemm, et al.* (1937), 212 Ind. 204, 7 N. E. (2d) 188. But "offices are neither grants nor contracts, nor obligations which can not be changed or impaired. They are subject to the legislative will at all times, except so far as the Constitution may protect them from interference. Offices created by the Legislature may be abolished by the Legislature. The power that creates can destroy. The creator is greater than the creature. The term of an office may be shortened, the duties of the office increased, and the compensation lessened, by the legislative will." *The State, ex rel. Yancey* v. *Hyde* (1891), 129 Ind. 296, 302, 28 N. E. 186.

We have already held the act of 1937 effective and the appointment of the new trustees regular. It, therefore, follows that no question is presented with reference to the right of the old trustees to hold beyond the time when their terms were terminated, as covered by Section 3 of Art. 15 of the Constitution of Indiana.

It should be kept in mind that this action was brought under the Declaratory Judgments Act (Acts of 1927, Chap. 81; §§3-1101 to 3-1116, inc. Burns 1933; §§438 to 453, inc. Baldwin's 1934) and that it is not one in *quo warranto* to determine title to public offices. In *Brindley* v. *Meara* (1935), 209 Ind. 144, 198 N. E. 301, this court held that the Declaratory Judgments Act did not abolish well-known causes of action or furnish an additional remedy where an adequate one previously existed. Our statutes make definite, specific and comprehensive provision for determining title to public offices. The method is by information in the nature of *quo warranto*. (See Acts of 1881 [Spec. Sess.] Chap. 38; Acts of 1929, Chap. 221; §3-2001, et

seq. Burns 1933; §1045 Baldwin's 1934.) Since the purpose and scope of the Declaratory Judgments Act is thus limited and restricted, it becomes unnecessary for us to determine if appellants (the new board) are *de jure* officers. It is sufficient if they are *de facto* officers, and we hold they are under the stipulation of the parties and our interpretation of the act under which they were appointed.

The cause is reversed, and the trial court is directed to sustain appellants' motion for a new trial.