HENRY HOLLAND ET AL. *v.* RON BALLARD ET AL.

[No. 1077S768. Filed December 28, 1978.]

*John W. B. Foringer*, of Bedford, *James D. Williams*, of Corydon, for appellants.

GIVAN, C.J.— In 1957, the General Assembly enacted the Conservancy District Act, IC § 19-3-2-1 *et seq.* [Burns 1974], to provide for the establishment of water conservation districts. Pursuant to the Act, the Orange Circuit Court on March 11, 1960, established the Springs Valley Conservancy District and shortly thereafter appointed five persons to be members of the board of directors of the district. On October 12, 1966, the court enlarged the district and changed the name to the Lost River — Springs Valley Conservancy District. The legislature, in 1967, amended the Act to provide, *inter alia*, for direct election of directors by the freeholders of the district. IC § 19-3-2-34, 38, 40 [Burns 1974]. The amendment further provides:

". . . the court shall also establish the date of the annual meeting of such conservancy district and extend the term of each then director to the date of said conservancy district's annual meeting of the year in which his appointed term expires. As the extended term of a director expires, a director shall be elected as otherwise provided in this amendatory act.

"As to any conservancy district established prior to the passage of this [1967] amendment, section 11 of this [1967 amendatory] act shall not take force and effect until March 1, 1968." IC § 19-3-2-38 [Burns 1974].

At no time since March 1, 1968, has any election been held by the Lost River — Springs Valley Conservancy District. Rather, all the directors have been appointed by the Orange Circuit Court for fixed terms instead of being appointed to serve until the next election, as required by the above statute.

After a request for an election was ignored, appellants, freeholders or taxpayers of real estate taxes within the district, filed this action to compel an election. Defendants-Appellees, present directors of the district, moved to dismiss the action on the ground that it failed to state a claim upon which relief could be granted. Ind. R. Tr. P. 12(B)(6). The trial court, in sustaining the motion, held that the 1967 legislative amendment does not apply to the Lost River — Springs Valley Conservancy District since the district was organized prior to the amendment and that to the extent the enactment does apply, it is unconstitutional as an impairment of a contractual obligation of the State of Indiana to permit the directors to be selected by the circuit judge. This appeal arises under Ind. R. App. P. 4(A)(8) in that a state statute has been declared unconstitutional.

We first note that the appellees have failed to file a brief in this appeal. Ordinarily we would be justified in treating this failure as a confession of error. However, in view of the important public interest in having the issue decided by this Court, we will review the case on its merits. *Ralston v. Ryan*, (1940) 217 Ind. 482, 29 N.E.2d 202.

In their motion to dismiss, appellees argued that the Conservancy Districts were private corporations organized under a state charter and therefore that to change the charter is to impair contractual rights. We disagree. The Act instead creates "special taxing districts" which are constitutionally acceptable. *Martin v. Ben*

*Davis Conservancy District*, (1958) 238 Ind. 502, 153 N.E.2d 125. Clearly, the legislature, in granting the broad powers within IC § 19-3-2-61 [Burns 1974], which includes the power to levy taxes on real property, did not intend to create a private corporation whose duties and obligations under the Act could not thereafter be modified.

The Conservancy Districts were created not by the Constitution, but by statute. As such, they are subject to the following rule:

"Offices created by the Legislature may be abolished by the Legislature. The power that creates can destroy. The creator is greater than the creature. The term of an office may be shortened, the duties of the office increased, and the compensation lessened, by the legislative will. . . .

". . . The fact, that the time of holding the election for township trustees had been changed from the month of October to the month of April, can make no difference; and the fact, that the contestee was eligible to hold the office at the time he was elected, will not authorize him to hold it after he became ineligible, although it shortened his official term. Offices are neither grants nor contracts nor obligations which can not be changed or impaired. They are subject to the legislative will at all times, except so far as the constitution may protect them from interference."

*Jeffries v. Rowe*, (1878) 63 Ind. 592, 594-5.

See also *State ex rel. Yancey v. Hyde*, (1891) 129 Ind. 296, 28 N.E. 186; *Blakemore v. Dolan*, (1875) 50 Ind. 194. Here, the Conservancy District is a creature of the statute. The legislature has the power to alter its enabling provisions or to abolish it altogether. It follows, then, that the application of the 1966 amendment to all Conservancy districts, including those established prior to the amendment, is within the province of the legislature.

In *Rogers v. Calumet National Bank*, (1938) 213 Ind. 576, 12 N.E.2d 261, the legislature changed the method of selecting trustees of city water works departments. Judge Shake, speaking for the Court, held:

"The terms of this statute are clear and unambiguous. It was within the province of the legislature to provide how trustees of water works departments should be selected. It might have directed, as was formerly the law, that such trustees should be elected by the council. It might have lodged the appointive power exclusively in the mayor or it might have said, as it did in this in-

stance, that the first trustees, should be appointed by the mayor, but that thereafter such appointments should be made with the council's approval. Indeed, we can see sound and sufficient reasons for the provisions of this act." 213 Ind. at 582, 12 N.E.2d at 264.

In the case at bar, we see "sound and sufficient reasons" behind the legislature's changing of the method of election of directors from selection by the circuit judge to open election by the freeholders in the district. We must, therefore, give effect to the statute unless it somehow offends our Constitution.

Under Article 1, § 10 of the United States Constitution and Article 1, § 24 of the Indiana Constitution, the General Assembly is prohibited from passing any laws which impair contractual obligations.

In the case at bar, however, we see nothing in the legislature's changing of the method of selecting district directors which impairs any obligation of any contract. The legislature did provide in its initial enactment a method of selecting the directors. But in doing so, it created no contract right to have that method used forever. The amendment providing for direct election of directors by the freeholders of the district neither impairs a contractual obligation nor violates our Constitution.

A different result might pertain if the legislative amendment had affected property rights, such as contracts for rents, purchase of land or services, which had been created pursuant to the valid exercise of the District's authority under IC § 19-3-2-61. However, there has been no allegation that such is the case. The only ground raised in the motion to dismiss is that to give effect to the 1966 amendment is to impair the contract rights of the people of the district to have their directors selected by the circuit judge. There is no such contractual right here, and the complaint therefore states a valid cause of action.

Accordingly, the cause is reversed and remanded to the trial court with instructions to overrule the motion to dismiss.

DeBruler, Hunter, Pivarnik and Prentice, JJ. concur.

NOTE—Reported at 383 N.E.2d 1032.