Orville PAYNE, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–1178A317.

Court of Appeals of Indiana,
First District.

Nov. 7, 1979.

John M. Lewis, Seymour, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Richard A. Alford, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

Defendant-appellant Orville Payne (Payne) was found guilty of violating Ind. Code 9–1–5–3, prohibiting the unlawful sale of a motor vehicle from which the original identification number has been removed. The jury fined Payne $500 and sentenced him to six months at the Indiana State Farm. The time was suspended by the court.

Payne presents the following issue for our review:

Whether there was sufficient evidence introduced at trial to support the verdict of the jury.

We reverse.

When we review the sufficiency of the evidence, we cannot weigh the evidence nor judge the credibility of the witnesses, but we consider the evidence most favorable to the State and the reasonable inferences drawn therefrom which support the verdict of the jury. We must affirm the conviction when there is evidence of probative value from which the jury could determine that the defendant was guilty beyond

a reasonable doubt. *Boyking v. State,* (1979) Ind., 385 N.E.2d 1127.

The facts most favorable to the State are as follows:

Payne obtained a damaged red Chevrolet pickup truck from Farm Bureau Insurance Company. While the truck was under repair at Payne's auto parts business, the vehicle identification number (hereinafter VIN) tag was removed during the repair process.

On November 18, 1976, two Indiana State Policemen, Tom Lewis and Fred Hays, observed this pickup truck while visiting Payne's business on another matter. Noticing the absence of the VIN tag, Hays and Lewis recorded the frame and engine numbers from the truck.

Roy Tindell testified that on January 29, 1977, he purchased two trucks from Payne, one being the vehicle in question. He said that there was a VIN tag on the truck which corresponded with the numbers on the title to the truck which Tindell had received from Payne. Early in February, 1977, Tindell sold the truck to Hubert Pyle, who subsequently sold the truck back to Tindell a few weeks later with the VIN tag still attached.

Hays also testified that he saw the vehicle on March 1, 1977, when he observed that the VIN tag was attached at its proper place, although it was held in place by rivets which were different from those used when a VIN tag is originally put in place by the vehicle's manufacturer. He noted that the frame and engine numbers were the same numbers he recorded when he saw the truck at Payne's business.

Payne admitted removing the VIN tag while the vehicle was being repaired and then putting the VIN tag back on the truck when the work was completed. Defense witnesses, practitioners in the auto trade, testified that in the normal course of their trade, VIN tags are removed, repairs are made, and the VIN tags are replaced. The State does not contend that this was a stolen motor vehicle, or that there was any fraud in the transaction.

The statute under which Payne was charged, Ind.Code 9–1–5–3, reads as follows:

"Any person who shall sell or offer for sale in this state a motor vehicle, the original or special identification number of which *has been* destroyed, *removed,* altered, covered or defaced shall for the first offense be deemed guilty of a misdemeanor punishable by a fine of not more than five hundred dollars [$500] or by imprisonment for not more than six [6] months, or by both fine and imprisonment; and for the second or any subsequent offense such persons shall be guilty of a felony, punishable by a fine of not less than five hundred dollars ($500), nor more than five thousand dollars ($5,000), to which may be added imprisonment for a period not to exceed ten (10) years." (Emphasis added)

The sole question raised in this appeal is whether the defendant-appellant, by removing the VIN tag for the purpose of repair, and replacing it prior to any sale or offer of sale, committed an offense under this act. We hold that he did not.

 This court must construe and apply a statute according to its plain meaning. *St. Germain v. State,* (1977) Ind., 369 N.E.2d 931. In *Rogers v. Calument Nat. Bank of Hammond,* (1938) 213 Ind. 576, 12 N.E.2d 261, 265, our Supreme Court said, "It is not within the province of the court to take from or to enlarge the meaning of a statute by reading into it language which will, in the opinion of the court, correct any supposed omissions or defects therein."

 The issue in the case at bar rests on the phrase "has been removed" which is found in Ind.Code 9–1–5–3. The State argues that the mere removal of a VIN tag, regardless of its presence at the time of sale, or offer for sale, constitutes a violation of the statute. We do not agree.

We interpret "has been removed" as meaning that there is a violation if the VIN tag is missing at the time of sale, or offer of sale, but that there is no violation if the tag was removed and replaced during the ownership of the vehicle. "Has been removed" has a sense of permanency attached

to it which would indicate the legislature's intent to focus on the existence of the VIN tag when the vehicle changes hands.

We recognize that the purpose of this statute is to develop a system by which stolen vehicles can be more easily identified. However, rather than reading "had been removed" which would address an act in the past, Ind.Code 9–1–5–3 only considers a vehicle whose VIN tag is still removed at the time of sale or offer for sale.

It is our opinion that the legislature did not intend this statute to apply to a situation such as the one in the case at bar. The record does not indicate that Payne had any criminal intent when he removed the VIN tag since he was following the normal procedure of his trade.

We therefore find that the verdict of the jury was not supported by sufficient evidence, and this cause is reversed with instructions to the trial court to enter a judgment for the defendant.

Reversed.

LOWDERMILK, P. J., and ROBERTSON, J., concur.