INDIANA ASSOCIATION OF PRIVATE
DETECTIVES, INC.,
Plaintiff-Appellant,

v.

Norbert TURCZYNSKI, Richard Redwine, Cullin Walton, John Shettle, Terry R. Wheeler, Emery G. Molnar, Ronald W. Gerkey, Richard Pishnoff, James Russell, Gary Bingaman, Bradford Watkins, Jack Hanna, Charles Eby, Julius Hornyak, James R. Sweitzer, Norbert J. Hecklinski, and Edward D. Miley, Defendants-Appellees.

No. 3–579A150.

Court of Appeals of Indiana,
Third District.

April 2, 1980.

Joseph T. Helling, May, Searer, Oberfell & Helling, South Bend, for plaintiff-appellant.

John C. Ruckelshaus and William A. Hasbrook, Ruckelshaus, Roland & O'Connor, Indianapolis, for defendants-appellees except John T. Shettle.

Theodore L. Sendak, Atty. Gen., Charles N. Braun, II, Deputy Atty. Gen., Indianapolis, for defendant-appellee John T. Shettle.

HOFFMAN, Judge.

The Indiana Association of Private Detectives, Inc. (the Association), as a representative of the licensed private detectives of the State of Indiana, filed this suit against a number of police officers of the City of South Bend, the City of Mishawaka and of St. Joseph County (Norbert Turczynski, et al.; hereinafter referred to as the officers), as representatives of the class of all city and county police officers in the state.[1] The Association sought a declaratory judgment which would have the effect of prohibiting police officers from engaging during their off-duty hours in employment which falls within a portion of the statutory definition of "private detective business"; to-wit:

"As used in this act [25–30–1–1—25–30–1–21] unless the context clearly requires otherwise:

\*     \*     \*     \*     \*     \*

(4) 'Private detective business' shall mean and include . . . the business of furnishing for hire or reward a guard or guards, or other persons to protect persons or property, or to prevent the misappropriation or concealment of goods, wares and merchandise, money, bonds, stocks, choses in action, notes or other valuable documents or papers . . . ."

IC 1971, 25–30–1–2 (Burns Code Ed.). In a well-reasoned "Memorandum of Opinion" the trial court denied relief. This appeal followed.

The sole issue presented here, although not so stated by the Association, is whether local police officers may, consistent with public policy, be employed as private security guards during their off-duty hours.

The Indiana Detective License Law,[2] of which the above statute is a part, is a general act which regulates persons whose employment falls within its definitions. Apparently covered by that act are all persons who serve as private security guards. IC 1971, 25–30–1–2, *supra*. However, there is another statute which contains specific provisions applicable to police officers who may be assigned to serve in such capacities:

"*Such commissioners* [of public safety] *shall have power, on application of any person or corporation, if deemed expedient, to detail regular policemen or firemen, or appoint and swear any additional number of special policemen, or firemen, to do special duty at any place within such city, or within the county in which such city is located, upon such person or corporation paying for the use of such duty* the same rate per diem of service on

---

1. John T. Shettle, in his capacity as Superintendent of the Indiana State Police, was also named as a defendant. *See*, IC 1971, 25–30–1–3 (Burns Code Ed.).

2. *See*, IC 1971, 25–30–1–1 (Burns Code Ed.).

such detail or special duty as is paid to the regular members of the force; and shall have power, when deemed expedient, to make such detail without application of any person or corporation or payment of per diem. Such special patrolmen shall be subject to the chief of police and such special firemen to the chief of the fire force. They shall obey the rules and regulations of their respective departments and conform to its discipline and orders. No person whomsoever shall wear a uniform the design of which is not easily distinguishable from or which conforms in respect to color or design to the Indiana state police, any duly constituted sheriff's patrol of the county in which such city is located, or police or fire forces of such city. Special appointed officers shall, during the term of their appointment, possess all the powers, privileges, and duties of regular patrolmen or firemen but only while fulfilling the specific responsibilities for which the appointment is made. The powers and duties of officers appointed to serve as security police for school corporations include:

(1) the protection of school personnel while on school business, including school children, employees, and members of the governing body of the school corporation; and

(2) the protection of all school corporation property.

"Auxiliary policemen and firemen directly connected with and created to augment the regular police and fire forces shall wear a uniform the design of which is established by the board of public safety. Such persons so appointed may be removed at any time by such commissioners, without notice and without assigning any cause. The commissioners may also, on emergency, apprehension of riot, tumult, mob, or insurrection, pestilence, or invasion, appoint as many special patrolmen as may be desirable, to be paid the same rate per day and possess the same powers, privileges, and duties as members of the regular force, and be subject to the

same ordinances, regulations and orders. Such commissioners may also detail members from the regular forces for the use of any other department of the city government." [Emphasis added]

IC 1971, 18–1–11–5 (Burns 1979 Supp.).

Because IC 1971, 18–1–11–5 is the more specific statute governing such employment by police officers, its terms prevail over any inconsistent provision of the more general Detective License Law. *Indiana Waste v. Board of Com'rs of Howard County* (1979), Ind.App., 389 N.E.2d 52, at 59. Further, when construing that statute (IC 1971, 18–1–11–5) this Court cannot ignore its plain meaning. *Payne v. State* (1979), Ind.App., 396 N.E.2d 439, at 441.

Even a cursory reading of IC 1971, 18–1–11–5 discloses that the clear effect of this statute is to permit local police officers to exercise the powers granted to them by law [3] for the benefit of and at the expense of private persons. This expression of policy by the Legislature renders unpersuasive the Association's argument that, as a general rule, police officers ought not exercise their powers for private compensation. If there did exist any concern at the time of enactment of this statute that police officers serving private employers might be confronted with conflicts of interest during the course of such employment, it is evident from the fact of the enactment that such concern was deemed insubstantial in comparison with the obvious benefits to be derived from permitting trained police officers to serve in such positions.

The question in the case at bar—whether individual off-duty officers may be employed by private persons on an individual basis—should be answered by reference to the same policy judgment, for there is no statutory or other indication that the potential for conflict during such private employment is any greater than that present during the special duty governed by IC 1971, 18–1–11–5, *supra*. Accordingly, there appears to be no basis for concluding that

3. IC 1971, 18–1–11–4, as amended by Acts 1975, P.L. 173, § 1. This suit was filed after the 1975 amendment, but before the 1978 amendment.

employment of off-duty police officers as private security guards is contrary to the Legislature's stated policy, and the trial court's holding to that effect was plainly proper.

The judgment below is therefore affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.