## In re Stoner.

[No. 10,966.    Filed December 10, 1920.]

MASTER AND SERVANT.—*Workmen's Compensation.*—*"Employe."* —*"Young Person."*—*Infants.*—A young person, defined by §8038 Burns 1914, Acts 1899 p. 231, as amended, Acts 1919 p. 158, §76, to be a person of the age of fourteen years and under the age of eighteen years, cannot, without a compliance with §8022 Burns 1914, Acts 1899 p. 231, part of the same act, in the matter of the affidavit therein required as to the age, etc., of the young person, be an employe within the meaning of the Workmen's Compensation Act, which so defined the word "employe" as to include only such persons as are lawfully in the service of another. (Acts 1919 p. 175, §76.)

From the Industrial Board of Indiana.

Certified Questions of Law.

Proceeding by Robert Stoner under the Workmen's Compensation Act, for compensation by the American Zinc Products Company, employer, opposed by the London Guarantee & Accident Company, insurer. Certified questions by the Industrial Board. *Answered.*

NICHOLS, J.—On the facts hereinafter stated, the Industrial Board of Indiana certifies for our decision and determination the questions of law hereinafter stated.

Robert Stoner was born November 5, 1902; that on and prior to June 4, 1920, he was a resident of the city of Greencastle, in Putnam county, Indiana; that on and prior to June 4, 1920, the American Zinc Products Company was engaged in the manufacturing business in the city of Greencastle, Indiana, and was engaged in the business of manufacturing zinc plates and sheets; that sometime prior to June 4, 1920, Robert Stoner entered the service of the American Zinc Products Company in its factory at Greencastle, Indiana, and was working in its manufacturing business at said place under a contract of hire and, during the period of his services

with said defendant, earned an average weekly wage of $21; that on June 4, 1920, while engaged in the discharge of the duties of his services with the American Zinc Products Company, said Robert Stoner received a personal injury by an accident arising out of and in the course of the discharge of his services for said company resulting in the loss by separation of more than two phalanges of the second, third and fourth fingers of the left hand and of not more than two phalanges of the first finger of the left hand; that the American Zinc Products Company had actual knowledge of said injury at the time that it occurred, and provided the said Robert Stoner with an attending physician and the necessary surgical services and supplies for the treatment of his injury; that at the time that said Robert Stoner entered the service of the American Zinc Products Company his parents were living in the city of Greencastle, Indiana, and said Robert Stoner was living with them; that at the time said Robert Stoner entered the service of the American Zinc Products Company, the company did not by any agent, foreman, representative, or other person connected with its manufacturing establishment require and place on file in the office of said company an affidavit made by either of the parents of Robert Stoner stating his age, and the date and place of his birth; that no such affidavit was made by either of said parents at the time that Robert Stoner entered the service of the American Zinc Products Company, and at no time thereafter; that the American Zinc Products Company did not have any such affidavit on file at the time that Robert Stoner received his injury or at any other time while he was in its service; that the American Zinc Products Company did not procure and have on file at the time that Robert Stoner entered its service, or at the time of his injury, or at any other time during his service, an age certificate issued by the

executive school officer of the school city of Greencastle, or by any other representative of such school city authorized to issue the same; that at the time Robert Stoner received his injury, the London Guarantee and Accident Company was the compensation insurance carrier of the American Zinc Products Company.

It is admitted by the American Zinc Products Company and the London Guarantee and Accident Company that Robert Stoner is entitled to an award of compensation of $11.55 per week for a period of 105 weeks, if, under the law, he was an employe of the American Zinc Products Company at the time of his injury; that Robert Stoner has presented a claim for compensation on account of said injury, and contends that he was lawfully in the employment of the American Zinc Products Company at the time of his injury. The American Zinc Products Company admits his contention and insists that an award of compensation at the rate of $11.55 per week for 105 weeks should be made, while the London Guarantee and Accident Company contends that Robert Stoner was not lawfully in the service of the American Zinc Products Company at the time of his injury, and for that reason is not entitled to an award of compensation.

This contention is based upon the proposition that under a provision of §8038 Burns 1914, Acts 1899 p. 231, §18, Robert Stoner was a "young person" at the time he entered the service of the American Zinc Products Company and at the time of his injury, and that, being a "young person," under the provisions of said section, he was not lawfully in the service of the American Zinc Products Company by reason of a provision in §8022 Burns 1914, Acts 1899 p. 231, §2, in the words following, to wit: "And it shall be unlawful for any proprietor, agent, foreman or other person connected with a manufacturing or mercantile establishment,

mine, quarry, laundry, renovating works, bakery or printing office to hire or employ any young person to work therein without there is first provided and placed on file in the office an affidavit made by the parent or guardian, stating the age, date and place of birth of said young person; if such young person have no parent or guardian, then such affidavit shall be made by the young person, which affidavit shall be kept on file by the employer, and said register and affidavit shall be produced for inspection on demand made by the inspector, appointed under this act."

Upon the foregoing facts the Industrial Board respectfully submits the following questions of law for our determination: (1) Would a finding that Robert Stoner was an employe of the American Zinc Products Company within the meaning of the Workmen's Compensation Act, at the time of his injury, be sustained by sufficient evidence? (2) Would such a finding be according to law? (3) Would an award of compensation to Robert Stoner upon the foregoing facts be sustained by sufficient evidence? (4) Would such an award be according to law?

Section 8038, *supra,* expressly defines the words "young person" to mean a person of the age of fourteen years and under the age of eighteen years. Applying this definition to words "young person" used in the provision quoted from §8022, *supra,* both sections being part of the same act, it is apparent that the claimant herein, being seventeen years of age, and therefore between the ages of fourteen and eighteen years, was not lawfully employed, and therefore not an employe within the meaning of the Workmen's Compensation Act (Acts 1915 p. 392, §8020l Burns' Supp. 1918) which provides that " 'Employee' shall include every person, including a minor, lawfully in the service of another under any contract of hire * * *." As amended, Acts 1919

p. 158, §76. This question was decided by the Supreme Court in the case of *New Albany Box, etc., Co.* v. *Davidson* (1920), 189 Ind. 57, 125 N. E. 904, in which case the minor sought to recover at common law and, after quoting the definition of a young person as above, the court held that the minor, who was fifteen years of age, was illegally employed, and, not being embraced within the provisions of the Workmen's Compensation Act, *supra,* his action was properly brought. Two of the cases cited in that case, to wit, *Roszek* v. *Bauerle & Starke Co.* (1918), 282 Ill. 557, 118 N. E. 991, L. R. A. 1918F 207, and *Messmer* v. *Industrial Board* (1918), 282 Ill. 562, 118 N. E. 993, were decided against the minor who sought to recover under the Workmen's Compensation Act, *supra.* Other decisions against an attempted recovery under compensation acts are *Moll* v. *Industrial Commission* (1919), 288 Ill. 347, 123 N. E. 562, and *Hillestad* v. *Industrial Commission* (1914), 80 Wash. 426, 141 Pac. 913, Ann. Cas. 1916B 789. In addition to the cases cited in *New Albany Box, etc., Co.* v. *Davidson, supra,* we cite in harmony therewith *Lesko* v. *Liondale Bleach, etc., Works* (1919), 93 N. J. L. 4, 107 Atl. 275; *Acklin Stamping Co.* v. *Kutz* (1918), 98 Ohio 61, 120 N. E. 229; *Gutmann* v. *Anderson* (1919), 142 Minn. 141, 171 N. W. 303; *Taglinette* v. *Sydney Worsted Co.* (1919), (R. I.) 105 Atl. 641; *Secklich* v. *Harris-Emery Co.* (1918), 184 Iowa 1025, 169 N. W. 325; *Kruczkowski* v. *Polonia Pub. Co.* (1918), 203 Mich. 211, 168 N. W. 932; *Waterman Lumber Co.* v. *Beatty* (1918), (Tex. Civ. App.) 204 S. W. 448.

The employe's remedy in this case is not under the provisions of the Workmen's Compensation Act. We answer each of the questions propounded to us in the negative.