### Indiana Manufacturers' Reciprocal Association et al. *v.* Dolby.

[No. 11,246.   Filed December 9, 1921.]

Master and Servant.—*Workmen's Compensation Act.—Unlawful Employment of "Young Person".—Right to Compensation.—* Where one between the age of fourteen and eighteen years, defined by §8038 Burns 1914, Acts 1911 p. 511, as a young person is employed without compliance with §8022 Burns 1914, Acts 1899 p. 231, requiring that an affidavit shall be made by the parents or guardian showing the age, date and place of birth of a young person before he can be lawfully employed, such person is not lawfully employed within the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) and cannot claim compensation thereunder.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by David Dolby against the Indiana Manufacturers' Reciprocal Association and another.

From an award for applicant, the defendants appeal. *Reversed.*

*Joseph W. Hutchinson,* for appellants.

*Fred H. Bowers, Milo N. Feightner* and *Lee M. Bowers,* for appellee.

NICHOLS, J.—This was a proceeding before the Industrial Board by appellee, who was the the father of Myrtle Dolby, the deceased, against appellants to recover on account of physical care, and general nursing, and burial expenses of said decedent, it being claimed that her death resulted by reason of an accident arising out of and in the course of decedent's employment by appellant Wasmuth-Endicott Company. The accidental injury charged was the taking of typhoid fever germs into the system, through the water supply furnished by the company, which resulted in decedent's taking typhoid fever from which she died.

It appears by the evidence that Myrtle Dolby was born July 24, 1902. Her employment with appellant company commenced September 8, 1919, and continued until her death which was on March 8, 1920. She was therefore during all of the time of her employment over the age of fourteen years and under the age of eighteen years.

Before we reach the discussion of the question as to the right of appellee to recover on the merits, in this proceeding, we are met by appellant association's contention that the Industrial Board had no jurisdiction of appellee's claim for the reason that the decedent Myrtle Dolby was not lawfully employed by appellant company.

Section 8022 Burns 1914, Acts 1899 p. 231, expressly requires that an affidavit shall be made by the parents or guardian showing the age, date and place of birth of a young person before such person can be lawfully employed. If there is no parent or guardian, then such

affidavit must be made by the young person to be employed. The father, David Dolby, was living and was a witness before the Industrial Board. Section 8038 Burns 1914, Acts 1911 p. 511, defines a young person to be one between the age of fourteen years and eighteen years. There is no claim that such an affidavit had been made or that such an affidavit had been placed on file with the employer. To the contrary, the evidence is that no such affidavit was on file. The award is therefore not sustained by sufficient evidence. The question here involved has been definitely decided by this court in the case of *In re Stoner* (1920), 74 Ind. App. 324, 128 N. E. 938, in which it was held that where a person between the age of fourteen and eighteen years fails to procure an affidavit as required by §8022, *supra,* such person is not lawfully employed, and is therefore not an employe, and not entitled to recover compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1918). Appellee says that there had been a compliance with §6674s Burns' Supp. 1921, Acts 1921 p. 337, and that such a compliance was a substantial compliance with the requirements of said §8022 Burns 1914, *supra,* as will entitle the employe to bring an action under the Workmen's Compensation Law, but §6674s Burns' Supp. 1921, is §19 of an act passed by the legislature of 1921, Acts 1921 p. 337. Such act was therefore passed long after the death of Myrtle Dolby, and can have no application to the matters in controversy in this case.

Upon the authority of the case of *In re Stoner, supra,* the award of the Industrial Board is reversed, with instructions to the board to dismiss the claim.