## WOOD *v.* SNYDER ET AL.

[No. 12,205.   Filed April 23, 1925.]

MASTER AND SERVANT.—*Lack of chauffeur's license while driving motor truck over highway for employer does not preclude compensation for accidental injuries.*—The fact that an employee of gravel road contractors was driving a motor truck for them in hauling gravel over a public highway without a chauffeur's license and thereby committed a misdemeanor under §§18 and 19, Acts 1913 p. 779, §§10476c, 10476f Burns 1914, does not bar him from compensation for accidental injuries received in the course of his employment where there was no evidence that the injury was "due to" nor caused by the misdemeanor.

From Industrial Board of Indiana.

Claim for compensation under the Workmen's Compensation Act by Homer S. Wood against James M. Snyder and others. From a denial of award, the claimant appeals. *Reversed*. By the second division.

*Brenton A. Devol* and *Thomas M. Ryan*, for appellant.

*Turner, Adams, Merrell & Locke* and *Paul E. Beam*, for appellee.

McMahan, J.—Appellant while an employee of appellee was injured in an accident arising out of and in the course of his employment.

Appellees as contractors, were building a gravel road in Clinton county near the town of Colfax. Appellant, as one their employees, at the time of the accident, was driving a motor truck on the public highway after having hauled and unloaded a load of gravel. Appellant did not have a chauffeur's license as required by law.

Sections 10476c, 10476f Burns 1914, §§18, 19, Acts 1913 p. 779, make it a misdemeanor for any person to operate or drive a motor vehicle as a chauffeur on a public highway, without having a chauffeur's license, and §8 of the Workmen's Compensation Act, Acts 1919 p. 158, §9453 Burns 1926, §8020r Burns' Supp. 1921, provides that: "No compensation shall be allowed for an injury or death due to the employee's intentionally self-inflicted injury, his intoxication, his commission of a felony or misdemeanor * * *."

Appellees in support of the action the board in refusing to award compensation and in dismissing appellant's application insist that the simple fact that appellant was injured while driving the truck for hire without having a chauffeur's license bars compensa-

tion, irrespective of whether the injury was *due to*, or caused by reason of the failure to obtain such license. We cannot concur with this contention. Neither the finding nor the evidence shows that the failure of appellant to have a chauffeur's license had anything to do with causing the injury. In other words, the injury was neither due to nor caused by a misdemeanor.

*Indiana Mfrs., etc., Assn.* v. *Dolby* (1921), 77 Ind. App. 116; *Driscoll* v. *Weidely Motors Co.* (1921), 77 Ind. App. 10; *In re Stoner* (1920), 74 Ind. App. 324; *New Albany Box, etc., Co.* v. *Davidson* (1920), 189 Ind. 57, and similar cases cited by appellees, construing statutes forbidding the employment of children in certain occupations are not in point and are of no controlling influence in the instant case. In such cases, the employing of the child was unlawful. In the present case, appellees were not prohibited from employing appellant, so as to render his employment unlawful.

The action of the Industrial Board in dismissing appellant's application is reversed, with directions to reinstate the application and for further proceedings consistent with this opinion.