## RAGGI *v.* H. G. CHRISTMAN COMPANY.

[No. 12,361.   Filed May 19, 1926.   Rehearing denied October 7, 1926.
Transfer denied March 27, 1931.]

Isaac Kane Parks, Walter R. Arnold and Arnold, Carson & Judie, for appellant.

Louis M. Hammerschmidt, Joseph A. Avery and Parker, Crabill, Crumpacker & May, for appellee.

Mary Raggi filed her complaint in the St. Joseph Superior Court, to recover damages against the H. G. Christman Company. The following is the substance of the first paragraph of the complaint: "At the time hereinafter mentioned, the defendant was engaged in the construction of buildings and used for that purpose steel, iron and wood. In the construction and erection of buildings, the defendant used operating hoists, hoistways, elevators, lifts and other hoisting machinery. The machinery and the operation thereof were dangerous to life and limb of the operators as well as to persons working in and about the structure or aiding in the operation of the machinery. The hoisting machinery was used to lift large pieces of iron, steel and other building material used in the construction of buildings, which material was thus lifted to heights varying from 15 to 100 feet. On June 25, 1922, and for some time thereafter the H. G. Christman Company, the defendant herein, was engaged in the construction and erection of a building in the city of South Bend, and, in connection with the work, was using hoisting machinery as hereinbefore described.

"On June 25, 1922, one Leonard Raggi, an infant of the age of 15 years, was employed by the defendant in the capacity of a helper in the operation of a hoisting machine. He was required to move heavy iron and steel beams to the hoisting machine, to fasten the beams to the machine, and to work thereunder while the machine was lifting the beams. He was required to engage

in that work while the machine lifted heavy iron and steel beams and other building material above his head. Leonard was assigned to that work and he engaged therein until July 19, 1922. During all the time of his employment, there was great danger to life and limb from material falling from the hoisting machinery, which was well known to the defendant.

"On July 19, 1922, while Leonard was working directly under the hoistway, arranging material to be delivered by the hoist to an upper story of the building, the hoist was raising a large steel beam, weighing 300 pounds. When the beam had been lifted to a height of 30 feet, it dropped upon him, breaking his bones, bruising his body and inflicting serious internal injuries. As a result of the accident, he died on the 29th day of July, 1922. At the time of the accident, Leonard was in a place where he was stationed by his employer, and the work he was then doing was incident to, and in aid of, the hoisting process above described.

"The decedent was employed by the defendant for the work he was doing, without first having secured a permit therefor from the proper school authorities as by law provided, and without the defendant having obtained an affidavit showing his age, notwithstanding the defendant knew, or by the exercise of reasonable diligence could have learned, that Leonard was only 15 years of age.

"The plaintiff is the mother of the deceased. At the time of Leonard's death, his father had deserted his family, and Leonard was the only support of the mother and another child of the age of four years. Prior to his injury, Leonard was in good health and was capable of earning in lawful service from $15 to $20 per week. The plaintiff was entitled to Leonard's services, and would have been entitled thereto, had he lived, until he reached the age of 21 years.

"Wherefore, plaintiff has been damaged in the sum of $10,000 for which she asks judgment."

It is not necessary to set out the second paragraph of the complaint, since the question presented for our decision may be fully understood without it.

To the complaint, the defendant filed a pleading denominated "answer of former adjudication." So much of the answer as is essential to an understanding of the question to be decided is as follows: "On April 20, 1923, the plaintiff, in the name of Maria Raggi (whose Christian name is the Italian for Mary), filed with the Industrial Board of Indiana her verified application for compensation. Her claim for compensation thus filed was predicated on the same facts averred in the complaint herein. The application thus filed by her is No. 7,963 and asks for compensation against this defendant.

"The defendant was duly notified of the pendency of the action before the Industrial Board and appeared thereto in person and by counsel. A hearing and trial of the cause were had upon the merits and upon the issues joined, before one member of the Industrial Board, in the Court House at South Bend, Indiana. Having heard the evidence, and being advised in the premises, the member of the Industrial Board entered an order or judgment in favor of the defendant and for costs of the suit."

The following order is then set out: "And said member, having heard the evidence and being duly advised in the premises, finds for the defendant; that the plaintiffs take nothing by their complaint.

"'It is therefore considered and ordered by the Industrial Board of Indiana that the plaintiffs take nothing by their complaint and that they pay the costs of this proceeding.'

"After the finding and order of the Industrial Board, the plaintiff made no application for review. No appeal

was taken to the Appellate Court and no steps were taken to modify, change, or alter the order.

"The defendant filed a certified copy of the order in the St. Joseph Superior Court No. 2, as by law provided; and, thereupon, the court rendered judgment thereon and caused the parties to be notified thereof.

"The cause of action stated in the complaint here is the same as stated in the petition in the former action before the Industrial Board, the plaintiff herein was the plaintiff in the former suit, and the defendant herein was the defendant in the former suit. There were no proceedings in the former action except as herein set out, and this answer contains all and the only pleadings, proceedings and judgment that were filed and entered in the proceedings of the Industrial Board.

"The order made by the Industrial Board and subsequently entered of record by this court is in full force and effect. The matters adjudicated therein are the same matters attempted to be litigated in this action, and, by the former adjudication, the plaintiff is estopped from again claiming the right to recover in the same cause of action.

"Wherefore, defendant demands judgment for costs."

A demurrer to the foregoing answer was overruled. The plaintiff then filed a reply, to which the defendant demurred, and this demurrer was sustained. The plaintiff refused to plead further, and thereupon judgment was rendered for the defendant.

DAUSMAN, J. (after stating the facts)—In approaching the ultimate question for our determination, it is essential that we shall have in mind the fact that the Industrial Board is not a court. In the performance of its statutory duties, it is frequently required to act in a manner which closely resembles judicial action. Nevertheless, it is an administrative body.

It belongs to the executive department of the state government and may not exercise judicial power. State Constitution, Art. 3; *Kingan & Co.* v. *Buford* (1917), 65 Ind. App. 182, 116 N. E. 754.

Our compensation law contains the following provision: "Sec. 62. Any party in interest may file in the circuit or superior court of the county in which the injury occurred, a certified copy of a memorandum of agreement approved by the board or of an order or decision of the board, or of an award of the board unappealed from, or of an award of the board rendered upon an appeal, whereupon said court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said judgment had been rendered in a suit heard and determined by said court. Any such judgment of said circuit or superior court unappealed from or affirmed on appeal or modified in obedience to the mandate of the Appellate Court, shall be modified to conform to any decision of the Industrial Board, ending, diminishing or increasing any weekly payment under the provisions of section 45 of this act upon the presentation to it of a certified copy of such decision." (Acts 1915 p. 392.)

The statutory provision for reducing an award of compensation to a judgment is new and strange. The idea that a court may first render a judgment and thereafter notify the parties strikes a lawyer as a genuine novelty. But, upon reflection, the mystery disappears. Every employer and every employee who fails to exempt himself from the provisions of the compensation law thereby constructively agrees to be bound by all the provisions of that law. §§2, 3, Compensation Law. One of the provisions of the law, to which the parties thus agree, is that, in an appropriate case, an award by the Industrial Board may be reduced

to a judgment without summons or any other prior notice from the court. The purpose of reducing an award of compensation to a judgment is obvious. It enables the person in whose favor compensation has been awarded to have execution in default of payment, and creates a lien on the property of the employer.

Was the court authorized by the terms of the statute to render judgment on an award which denies compensation? The question must be answered in the negative. The legislative purpose and intent evidenced by the section of the statute above quoted might have been stated in language more precise. Upon reflection, however, it becomes apparent that the contextual meaning of the words "any party in interest" is any person for whom compensation has been provided by an approved agreement or by a final award. When compensation is denied, the reason for such a transmutation fails utterly.

The section of the statute above quoted is crude, to say the least. It is perplexing, not because it is new, but because it is inapt. Upon reflection, it becomes apparent that a better plan for accomplishing the same ends may readily be devised.

There is a greater reason why the proceeding under the compensation law is not a bar to this action. The facts stated in the finding of the Industrial Board fail to disclose the reason for denying compensation; and, to that extent, the finding is defective. The only inference to be drawn from the averments of the complaint, however, is that compensation was denied because the boy Leonard Raggi, now deceased, was unlawfully employed. Our compensation law is not applicable to cases where the employment is unlawful. *New Albany Box, etc., Co.* v. *Davidson* (1920), 189 Ind. 57, 125 N. E. 904; *In re Stoner* (1920), 74 Ind. App. 324, 125 N. E. 938; *Driscoll* v. *Weidely Motors Co.* (1921), 77

Ind. App. 10, 133 N. E. 12; *Indiana Manufacturers', etc., Assn.* v. *Dolby* (1921), 77 Ind. App. 116, 133 N. E. 171.

The judgment is reversed; the trial court is directed to sustain the demurrer to the answer, to take such other action as may be necessary to bring the record into accord with this opinion, and to permit further proceedings.

McMahan, J., concurs in the result only.