ANTI-MITE ENGINEERING CO v. PEERMAN.

[No. 17,054. Filed February 4, 1943. Rehearing denied March 15, 1943. Transfer denied April 12, 1943.]

282

*James L. Murray*, of Indianapolis, for appellant.

*Lewis E. Marine*, of Indianapolis, for appellee.

DRAPER, J.—Appellee, Edward H. Peerman, an employee of the appellant, the Anti-Mite Engineering Company, was injured in an automobile collision with a car driven by a State policeman at the intersection of Pleasant Run Boulevard and Sherman Drive, in the City of Indianapolis, Indiana.

The evidence discloses that Sherman Drive runs north and south, and that Pleasant Run Boulevard, a preferential street, runs in an easterly and westerly direction, but at the intersection here involved at an angle to the southeast and northwest. Appellee Peerman was traveling north on Sherman Drive in a light truck belonging to the appellant company. There was a stop sign on Sherman Drive, south of Pleasant Run Boulevard. Appellee testified that on the day of the accident, as he approached said Pleasant Run Boulevard, he looked east and saw no vehicle; that he slowed up before he reached the intersection, and crossed the south half of the boulevard at a rate of from five to eight miles per hour; that he had shifted gears and was in low gear; that just before the collision, and when he was about in the center of the intersection, he was attracted by the sound of a car like the brakes being set, and that he glanced to the right and slightly to the back of him and saw the police car coming down the boulevard 3 or 4 car lengths from him at about 50 or

60 miles per hour. He further testified that it was necessary to drive almost to the center of the boulevard before an automobile approaching from the southeast was visible.

The evidence further discloses that Adolph Frankovich, a State policeman, whose car was involved in the accident, was traveling westwardly on the boulevard, and that he was not using his red light or siren because he was going to the garage to have the car lubricated. Officer Frankovich, according to his statement, seeing appellee's truck proceed across the boulevard without stopping in obedience to the stop sign, applied his brakes in order to avoid a collision, but his car struck the right rear fender and right rear wheel of appellee's truck and caused said truck to turn over, resulting in an injury to appellee's left hand. The truck at the time of the collision was crossing the north lane of the south drive of Pleasant Run Boulevard. After the collision the truck was on its left side headed north, 17 feet north of the north boundary line of said boulevard, and approximately 37 feet north of the point of collision.

The evidence is conflicting as to the rate of speed of Mr. Frankovich's car. Appellee testified that Frankovich was traveling from 50 to 60 miles per hour, but Frankovich testified that the rate of speed of his car was from 25 to 30 miles per hour before he applied his brakes. This was corroborated by the driver of a truck approaching from the north, who also testified that appellee approached and crossed the intersection at a like rate of speed. The evidence shows that skid marks were made by the car operated by Frankovich for a distance of 55 feet immediately east of the point of collision. Frankovich testified that the marks were due to the soft tarvia surface by reason of the temperature of the day of the accident, and also stated that the skid

marks farthest to the east were made when he applied his brakes when he saw a truck approaching from the north and at a time when he was apprehensive that the operator would not stop for the preferential boulevard.

He also testified that he could make a gradual stop traveling 35 miles per hour without skidding 50 feet. The evidence as to appellee's failure to stop at Pleasant Run Boulevard is undisputed.

It was stipulated by the parties that appellee was arrested, tried, found guilty, and fined for his failure to stop at a through street.

Appellee filed his application before the Industrial Board of Indiana against the appellant for adjustment of his claim for compensation for the injuries he received as a result of the collision hereinbefore set out. The appellant filed a special answer to the application, setting up the defense that appellee's injury was due to his commission of a misdemeanor.

The cause was submitted to the Industrial Board for hearing and the hearing member found that appellee's injury was due to his commission of a misdemeanor, and appellee was denied recovery.

Upon review, the full Industrial Board found that as a result of the accident, it was necessary to amputate the middle, ring and little fingers of appellee's left hand, and that appellee had sustained a permanent partial impairment of the left hand to the extent of 75% of the hand below the elbow. A majority of the full board found that appellee's injury was not due to his commission of a misdemeanor, and awarded him compensation.

It is from this award of the full Industrial Board that this appeal is brought. Appellant contends that there was no evidence presented which supports the finding of the majority of the full board, and that the record discloses conclusively that the injuries suffered

by appellee were due to his failure to stop before entering a preferential street.

By legislative enactment in 1939, there were established certain vehicular traffic regulations, among which is the following:

> "Vehicle Entering Through Highway or Stop Intersection. (a) The driver of a vehicle shall stop as required by this act at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway.
>
> "(b) The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed." Section 79, Acts 1939, chapter 48, p. 289.

A subsequent section of said act makes the violation of the above provisions a misdemeanor.

Section 40-1208, Burns' 1933, provides: "No compensation shall be allowed for an injury or death due to the employee's . . . commission of a felony or misdemeanor. . . ."

Appellee and appellant agree that the commission of a misdemeanor does not prevent a recovery of compensation unless the misdemeanor was the proximate cause of the injury.

This court, in the case of *Wood* v. *Snyder* (1925), 83 Ind. App. 31, 147 N. E. 314, held that the commis-

sion of a misdemeanor does not prevent a recovery of compensation if the injury was neither due to nor caused by a misdemeanor.

The sole question for determination in this case is whether the commission of the misdemeanor by appellee must be said to have been the proximate cause of the collision in which appellee was injured.

When the facts relating to proximate cause are undisputed, and are of such a character that only a single inference can be drawn therefrom by any fair and reasonable mind, the question of proximate cause is one of law for the court; but if different inferences can reasonably be drawn from the evidence, then the question is one of fact. *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105, 88 N. E. 1073, 89 N. E. 485; *Phillips* v. *Jackson, Rec.* (1925), 83 Ind. App. 135, 147 N. E. 818.

It has also been held that it is within the province of the fact-finding body to look at the succession of the events or facts, and ascertain whether they are naturally and probably connected with each other by a continuous sequence, or are dissevered by new and independent agencies. *Tabor* v. *Continental Baking Company* (1942), 110 Ind. App. 633, 38 N. E. (2d) 257.

The Industrial Board is a fact-finding body, *Goshen Veneer Co.* v. *Cozzi* (1931), 93 Ind. App. 160, 176 N. E. 634; and where there is substantial evidence to sustain the finding and award of the Industrial Board, such finding and award will not be disturbed on appeal, even though the appellate tribunal might prefer another result. *Bennett* v. *Maumee Colleries Co.* (1935), 99 Ind. App. 632, 192 N. E. 725.

While it is to be conceded that appellee entered the

through highway in criminal violation of a traffic regulation, it does not necessarily follow that appellee's failure to stop before entering the through highway was the proximate cause of the accident and his resulting injuries. If the police car, at the time appellee entered the intersection and looked to the east was not approaching so closely to said intersection as to constitute an immediate hazard to appellee's entrance, except for the unlawful rate of speed at which the police car was being operated, then the Industrial Board was justified in finding that appellee's injuries were not due to the commission of a misdemeanor, since, under the facts above set out, the board could find that the speed of the police car was the proximate cause of the collision.

It was the duty of the Industrial Board to consider all of the evidence and they had the right to draw all reasonable inferences from the facts established by the testimony and circumstantial evidence surrounding the accident under investigation. The fact that the collision occurred when appellee's truck was wholly within the northeast segment of the intersection; the fact that appellee's truck was struck at a point near the right rear wheel, and when the front end of said vehicle was near the north line of the lane of traffic in which the police car was traveling; the fact that the collision occurred after the operator of the police car had endeavored to turn to the right to avoid the collision; the speed of the State police car as indicated by the slide marks; and the question of whether there were speed signs limiting the speed within the area east of Sherman Drive to 15 miles per hour, were all proper matters for the consideration of the Industrial Board in determining whether the injuries to appellee were due to his commission of a misdemeanor. Under the circumstances and the evidence

as shown by the record in this cause, we are of the opinion that the question of proximate cause was a question of fact to be determined by the Industrial Board, and there being sufficient evidence, including the inferences to be drawn therefrom, to sustain the finding of the said board, it does not lie within our province to disturb it.

Award affirmed.

Blessing, C. J., dissents with opinion in which Crumpacker, J., concurs.

NOTE.—Reported in 46 N. E. (2d) 262.

### DISSENTING OPINION.

BLESSING, C. J.—I find myself unable to agree with the majority opinion in this cause.

The sole question for determination is whether or not the accident in which appellee was involved and his injuries resulting therefrom were the proximate result of his commission of a misdemeanor.

It is to be observed that the provisions for traffic regulations, which are set forth in the majority opinion, disclose that the appellee in approaching and entering the intersection here involved was not only obliged to stop before entering the intersection but was likewise required to yield the right of way to any vehicle within the intersection, or one approaching so closely thereto as to constitute an immediate hazard. If appellee had stopped; but having stopped, entered the intersection in disregard of his duty to yield the right of way, and such failure to yield the right of way was the proximate cause of the accident and resulting injuries, he is not in a position to recover compensation. If, therefore, the controlling facts compel the conclusion that his injuries would not have occurred except for a criminal violation,

of the statutory provisions hereinbefore referred to, then such injuries were due to appellee's commission of a misdemeanor.

This court, in speaking on the question of proximate cause in the case of *Tabor* v. *Continental Baking Company* (1941), 110 Ind. App. 633, 643, 38 N. E. (2d) 257, said:

> "What is the proximate cause of an injury is ordinarily a question of fact for the jury. There can be no legal or proximate cause unless there is causal connection in fact."

Further referring to the question of proximate cause in the same case, we find this quotation with the supporting authorities:

> " 'There is no mystery in the doctrine of proximate cause. It rests upon common sense rather than legal formula. Expressed in the simplest terms, it means that negligence is not actionable unless it, without the intervention of any independent factor, causes the harm complained of. It involves of course the idea of continuity, that the negligent act continuously extends through every event, fact, act and occurrence related to the tortious conduct of the defendant, and is itself the logical and natural cause of the injury complained of. In the statement of the doctrine an intervening cause means not a concurrent and contributing cause, but a superseding cause, which is itself the natural and logical cause of the harm.' "

Without contradiction, stands the fact that appellee did not stop before entering the intersection. Also stands the uncontradicted fact that if he looked to the east for approaching traffic before entering the intersection he looked at a point from which he could not determine whether traffic was approaching said intersection from the east. From this point he continued

on, and entered the intersection without making any further effort to ascertain whether any traffic was approaching from the east. When he was approximately in the center of the intersection, he glanced to his right and for the first time saw the police car when it was within three or four car lengths away. He would not have seen the police car then except that his attention was attracted by the sound of screeching brakes. The foregoing facts are without dispute, and, in my opinion, are controlling on the question of proximate cause.

It is true that appellee testified that the police car was traveling at a speed of from 50 to 60 miles per hour, but when such testimony is considered in the light of his opportunity to judge the speed of the police car, I think it is wholly lacking in probative value. Under such circumstances, his testimony as to the speed of the police car cannot be made the basis for the contention that there is some evidence to support the finding that the collision and resulting injuries to him were not due to his commission of a misdemeanor. A finding cannot be supported by evidence that has no substantive value. As was said by the court in the case of *Bailey* v. *Washington Theatre Company* (1942), 112 Ind. App. 336, 41 N. E. (2d) 819:

> "Where there is legal evidence tending to support the finding of the jury, upon all material questions in issue, this court will not weigh the evidence or reverse the judgment on the weight of the testimony, unless it is of such a character that to believe it would involve an absurd or unreasonable conclusion. *Inland Steel Co.* v. *Harris* (1911), 49 Ind. App. 157, 162, 95 N. E. 271; Bower v. Bowen, (1894), 139 Ind. 31, 36, 38 N. E. 326; Isler v. Bland (1889), 117 Ind. 457, 458, 20 N. E. 303."

Although the record contains the testimony of a disinterested witness that both vehicles, as they approached

the intersection, were traveling at the rate of 25 to 30 miles per hour, if we accept appellee's testimony as to his rate of speed, and that he approached and traveled through said intersection at a speed of from 5 to 8 miles per hour, then he had all the more timely opportunity as he approached and entered the south lane of the boulevard to observe any traffic coming from the east, and whether it was in such close proximity to the intersection as to create an immediate hazard if he were to proceed. Conceding appellee's rate of speed to be that fixed by his testimony, the physical surroundings as shown by the record conclusively show in my opinion that appellee had a sufficient view to have discovered the approach of the police car and likewise to have discovered that its proximity to the intersection constituted an immediate hazard to appellee's attempt to pass through said intersection. He did not stop and he did not look, but having entered said highway in criminal violation of a statute, he continued his willful misconduct in disregard of his duty to yield the right of way to the police car.

It is true that there was a conflict in the evidence as to the speed limit controlling traffic on the boulevard east of Sherman Drive. Conceding, however, for the sake of argument, that the police car, as it approached the intersection here involved, was being operated negligently and in violation of the speed limit, nevertheless it is apparent that the conduct of the State policeman was nothing more than a concurrent wrongful act along with the willful misconduct of the appellee, and the original wrong set in motion by the appellee remained the dominant cause, and therefore, the proximate cause of his injuries.

Upon the record I am unable to perceive how, from the facts and all the reasonable inferences to be drawn

therefrom, any reasonable conclusion can be reached in this cause except that appellee's injuries were due to his commission of a misdemeanor. I am therefore compelled to conclude that the award in this case should be reversed.

Crumpacker, J., concurs.

NOTE.—Reported in 46 N. E. (2d) 262.