HAYES ET AL. *v.* PERRY

[No. 17,465.   Filed April 15, 1946.]

*James L. Murray,* of Indianapolis, for appellants.

*Paul B. Hudson,* and *Armstrong & Gause,* all of Indianapolis, for appellee.

DRAPER, J.—The Industrial Board awarded compensation to the appellee for disability and impairment resulting from an accident hereinafter described. The employers appeal. The sole question presented is stated by the appellants as follows: "This appeal is based upon the contention that the uncontradicted evidence conclusively shows that the accident did not arise out of and in the course of the appellee's employment."

The evidence most favorable to the appellee discloses the appellants, who are husband and wife, operating a small farm on which they also had dog kennels where they had about two hundred dogs which they bought and sold or boarded. The meat for the dogs was cut up on a jig saw in the basement of appellants' home. There was also a power-saw in the basement, and about twenty feet from the power-saw there was a burner which, when the supply furnished

by the furnace coils was low, was used to heat water for appellants' personal use and to wash the dogs. The appellee started to work on March 5, 1945, as a general handy-man for the dogs. He was instructed to look after them and do what was necessary in regard to their care and also such other odd jobs as might be specified, none of which were enumerated before he was hurt.

Mr. Hayes showed the appellee how to clean the kennels and showed him how to cut up the meat. He told appellee to be careful if he ever used the power-saw. On March 6th the appellants left on an errand, telling the appellee to go ahead and do the work. He finished cleaning the kennels about two o'clock in the afternoon, and having nothing else to do and not wanting to loaf, he went to the basement and commenced cutting scrap lumber into kindling for the next morning. He was accidentally cut by the saw after cutting up about a half bushel of kindling.

The appellee was neither instructed nor supposed to bathe the dogs. He was not instructed to cut kindling for the burner nor was he specifically instructed to use or not to use the power-saw. Mrs. Hayes had built the fire on March 5th, using kindling for that purpose, and she showed him how to build it because he might have to do it sometime. He was not told to build a fire on the day he was hurt, nor was he building one.

The appellants first contend that the accident did not occur while the appellee was fulfilling the duties of his employment, or while he was engaged in doing anything incidental thereto. They insist there was no causal connection between the accident and the performance of any service of the employment, because the accident did not arise out of a risk which a reasonably prudent

person might comprehend as incidental to the employment at the time it was entered into.

Compensation is payable only for personal injury or death "by accident arising out of and in the course of the employment." § 40-1202 Burns' 1940 Replacement. This court is committed to the doctrine that the quoted words should be given a broad and liberal construction, to the end that the humane purposes of the Act may be realized. *Nordyke, etc. Co. v. Swift* (1919), 71 Ind. App. 176, 123 N. E. 449; *Lasear, Inc. v. Anderson* (1934), 99 Ind. App. 428, 192 N. E. 762.

In the case last cited the following language from *Jeffries v. Pitman-Moore Co.* (1925), 83 Ind. App. 159, 147 N. E. 919, was quoted with approval:

"This court has correctly held that an accident occurs in the course of the employment, within the meaning of the compensation act, when it takes place within the period of the employment, at a place where the employee may reasonably be, and while he is fulfilling the duties of his employment, or is engaged in doing something incidental to it."

In *Lasear, Inc. v. Anderson, supra,* the court further said:

"Generally, an accident may be said to arise out of the employment, where there is a causal connection between it and the performance of some service of the employment. Causal relation is established when the accident arises out of a risk which a reasonably prudent person might comprehend as incidental to the employment at the time of entering into it, or, when the facts show an incidental connection between the conditions under which employee works and the injury."

The foregoing definitions have since been approved by this court. The dispute here arises in connection with their application to the facts in this case.

A handy-man, as we understand it, is a man employed to make himself generally useful in the performance of work of some kind. In this case the appellee was to do whatever was necessary in regard to the care of the dogs and to do such other odd jobs about the place as might be assigned to him. The care of the dogs included the bathing of them by someone, and water heated by the burner was sometimes used for that purpose. The appellee had been shown that the fire was built with kindling. He knew that kindling would be needed the next time the fire was built and the kindling basket was presently empty. Mr. Hayes had told him that he should be careful if he ever used the saw and that statement carried the implication, we think, that his duties might require him to use it. The scrap lumber lying about, and the close proximity of the saw to the burner, would suggest its use for the purpose of cutting kindling. He had finished his other duties early in the afternoon and to us it seems natural that he would then turn his hand to whatever seemed helpful in caring for the dogs.

The appellee's instructions as to his duties in connection with the care of the dogs were general, and he was entitled to use some discretion in the performance of the work assigned him. If, as appears to be the case, he did an act not specifically directed but nevertheless incidental to the performance of his work in an honest attempt to discharge his duties,. compensation will not be denied. *Nordyke, etc. Co.* v. *Swift, supra.*

The appellant also cites many cases to the proposition that if an employee voluntarily, and for reasons personal to himself, undertakes to perform a hazardous

act wholly outside of and in no way connected with or incidental to the duties he was employed to perform, compensation for an injury thus sustained will be denied. But this case cannot be so classified. We have already indicated that in our opinion the cutting of the kindling was not wholly outside of and unconnected with the appellee's duties. The appellee's testimony, which the board apparently believed, and the fact that before he was hurt he had already cut a half bushel of kindling for the use of his employer, would indicate that he was not using the saw for reasons personal to himself.

We have said many times that each case of this kind depends upon its own peculiar facts and circumstances.

We are of the opinion that the evidence in this case is sufficient to show that the accident did arise out of and in the course of the appellee's employment.

Award affirmed with 5% penalty.

NOTE.—Reported in 66 N. E. (2d) 73.