## HAYES FREIGHT LINES, INC. *v.* MARTIN

[No. 17,807. Filed February 28, 1949.]

*James V. Donadio, R. Stanley Lawton* and *C. Richard Fulmer;* and *Ross, McCord, Ice & Miller* (of counsel), all of Indianapolis, for appellant.

*Walter G. Todd* and *Milton E. Craig,* both of Indianapolis, for appellee.

WILTROUT, J.—This is a second appeal by the employer, appellant, from an award of the Full Industrial Board, granting compensation to appellee. *Hayes Freight Lines* v. *Martin* (1948), 118 Ind. App. 139, 77 N. E. 2d 900.

Appellee is the widow and sole dependent of James E. Martin, who was killed when he drove one of appellant's trucks upon the Pennsylvania Railroad tracks, where he was struck and instantly killed by a railroad engine.

The sole issue for determination was raised by appellant by way of special answer predicated on § 8 of the Indiana Workmen's Compensation Act (Acts of 1929, ch. 172, § 8; § 40-1208, Burns' 1940 Replacement) and § 47-2114, Burns' 1940 Replacement. Section 8 provides:

"No compensation shall be allowed for an injury or death due to the employee's . . . commission of a felony or misdemeanor . . . The burden of proof shall be on the defendant."

The pertinent parts of § 47-2114, Burns' 1940 Replacement, pertaining to this case provide as follows:

"Whenever any person driving a vehicle approaches a railroad grade crossing, the driver of such vehicle shall stop within fifty (50) feet but not less than ten (10) feet from the nearest track of such railroad and shall not proceed until he can do so safely, when: . . .

"(c) A railroad train . . . approaching within approximately one thousand five hundred (1,500) feet of a highway crossing emits a signal audible for such distance and such train, by reason of its speed or nearness to such crossing, is an immediate hazard.

"(d) An approaching train is plainly visible and is in hazardous proximity to such crossing."

Section 47-2304, Burns' 1940 Replacement, makes violation of this statute a misdemeanor.

The only issue in this case on this appeal is whether or not the Industrial Board's award based on its finding that plaintiff's decedent's death was not due to his commission of a misdemeanor is contrary to law because, appellant contends, it is contrary to all of the evidence of probative value in the case.

The deceased, at the time of his death, was driving a truck on a public highway which was intersected by

railway tracks. There was evidence that the brakes were defective. The day was hazy. Appellant, who had the burden of proving that decedent committed a misdemeanor and that his death was due to the commission of the misdemeanor, brought forward testimony to the effect, and introduced photographs purporting to show, that the view of the tracks from the highway was unobstructed for a considerable distance. The engineer and fireman of the train testified that both the automatic bell and whistle were sounding. The engineer testified at one time that he started whistling, "I imagine back approximately fifteen hundred feet," and later, "back about five hundred feet from the crossing where we always start it." The engineer did not see the truck at all. The fireman testified that he did not see the actual collision, but testified that the truck did not stop.

It was the province of the Industrial Board, as the trier of the facts, to weigh the evidence of the witnesses who testified on the issue raised by appellant's special answer. It does not follow that there was no conflict in the evidence merely because the testimony was undisputed. *Cole* v. *Sheehan Construction Company* (1944), 222 Ind. 274, 53 N. E. 2d 172.

The commission of a misdemeanor does not prevent recovery of compensation if the injury was neither due to nor proximately caused by a misdemeanor. *Wood* v. *Snyder* (1925), 83 Ind. App. 31, 147 N. E. 314.

In the case of *Anti-Mite Engineering Co.* v. *Peerman* (1943), 113 Ind. App. 280, 46 N. E. 2d 262 (Transfer denied), the employee failed to stop his truck in obedience of a stop sign, for which he was arrested, tried, found guilty, and fined. His truck was struck by an

automobile while within the intersection. In affirming an award of compensation, the court said:

> "While it is to be conceded that appellee entered the through highway in criminal violation of a traffic regulation, it does not necessarily follow that appellee's failure to stop before entering the through highway was the proximate cause of the accident and his resulting injuries."

The court further said:

> "It has also been held that it is within the province of the fact-finding body to look at the succession of the events or facts, and ascertain whether they are naturally and probably connected with each other by a continuous sequence, or are dissevered by new and independent agencies. *Tabor* v. *Continental Baking Company* (1942), 110 Ind. App. 633, 38 N. E. 2d 257."

It was the duty of the Industrial Board to consider all the evidence and they had the right to draw all reasonable inferences from the facts established by the testimony and circumstantial evidence surrounding the accident. The weight of the evidence of the witnesses who testified that the train emitted a signal, and that the train would have been visible, was for the board to decide.

Under the circumstances and the evidence in this case, the question of proximate cause was a question of fact to be determined by the Industrial Board.

We consider the evidence sufficient to support the findings.

Award affirmed, with the statutory five per cent increase.

NOTE.—Reported in 84 N. E. 2d 205.