KARIGER MOTORS, INCORPORATED *v.* KARIGER ET AL.

[No. 19,424. Filed April 18, 1961. Rehearing
denied June 13, 1961.]

*Hunt & Suedhoff* and *William L. Wilks,* both of Fort Wayne, for appellant.

*Campbell, Gemmill, Browne, Torrance & Sisson,* of Marion, for appellees.

PFAFF, P. J.—This is an appeal from an award of the Industrial Board of Indiana granting compensation to appellees for the death of the appellees' decedent, O. Eugene Kariger, by reason of an accident arising out of and in the course of his employment by the appellant.

This petition for compensation was heard by a single member of the Industrial Board who granted compensation and, upon review by the Full Industrial Board, the award made by the single member was affirmed except for reducing the period of compensation from 400 weeks to 350 weeks.

Error assigned for reversal is that the award of the Industrial Board of Indiana is contrary to law. Appellant's assignment of error questions the findings and award of the Industrial Board and alleges that the accidental injuries which resulted in the death of the decedent, O. Eugene Kariger, did not arise out of and in

the course of his employment by the appellant and that the death of the decedent was a result of his own commission of a misdemeanor or a felony.

Thus the primary question presented by this appeal is the correctness of the finding of the Industrial Board as to whether the decedent was killed in an accident which arose out of and in the course of his employment by the appellant.

This court is committed to the rule that it will not weigh the evidence; and if there is any evidence of probative value to sustain the award of the Industrial Board, the same will be sustained considering only the evidence most favorable to appellees. *Logan* v. *Acme Machine Products Div.* (1942), 110 Ind. App. 556, 39 N. E. 2d 797; *Wilson* v. *Betz Corp.* (1958), 128 Ind. App. 189, 146 N. E. 2d 570; *Jenkins* v. *Pullman Std. Car Mfg. Co.* (1958), 128 Ind. App. 260, 147 N. E. 2d 912.

The evidence discloses that on February 1, 1957, at approximately 10:30 P.M. the appellees' decedent was driving alone in his automobile towards his residence in Van Buren, Indiana, and was involved in an automobile collison which occurred three and one-half miles south of Huntington on State Road 221 in Grant County, Indiana. The decedent was fatally injured in this accident. The decedent was an employee of the appellant, a corporate auto agency franchised by Studebaker Packard Corporation and engaged in the business of buying, selling, repairing and servicing new and used motor vehicles, and located in Fort Wayne, Indiana. The decedent, President of the appellant corporation, was also a majority stockholder in the corporation. The decedent's permanent residence was in Van Buren, Indiana. The appellant corporation conducted its banking business with the Van Buren Bank because the dece-

dent had always done business there and could borrow money if needed. As part of the salary or compensation, the appellant furnished the decedent an automobile for his transportation, including gasoline, and the decedent was driving appellant's automobile at the time the fatal accident occurred. That the appellant corporation made deposits at the bank almost daily and that the deposits were made by the deceased usually in the early part of the morning after the bank opened. That the deposits had been made for approximately three years and during that time the bank had no night depository. The bank closed at 3:00 o'clock and deposits could not be made by anyone leaving Fort Wayne after 9:00 P.M. until the following morning. That on the day in question, the appellant corporation stayed open until 9:00 P.M. That it was in the course of decedent's duty each day and/or each night to carry funds belonging to the employer for deposit in the Van Buren Bank which was near the decedent's home, and that at the time of his fatal injury, the decedent was carrying cash and checks belonging to the appellant for deposit. That the accident occurred on Friday night. That it was decedent's custom and habit to keep the funds to be deposited in his possession until the next morning when the bank opened. That the decedent's accident occurred about 10:30 P.M. after he had traveled thirty miles toward home on his usual route.

Whether or not an employee being injured in an accident in going to or from the place of his employment sustains accidental injuries which can be said to arise out of and in the course of his employment depends upon the particular facts and circumstances of each case. *Emmons* v. *Wilkerson* (1950), 120 Ind. App. 100, 89 N. E. 2d 296.

It is a general rule that an accident occurring on the way to or from the place of employment is not *compensable* because it does not arise out of and in the course of the employment. *Stadler Fert. Co.* v. *Bennett* (1954), 124 Ind. App. 524, 119 N. E. 2d 26; *Emmons* v. *Wilkerson, supra; Kiddie Knead Baking Co.* v. *Bolen* (1939), 106 Ind. App. 131, 17 N. E. 2d 477.

However, this rule is not inflexible and is subject to exceptions which depend on the nature, circumstances, and conditions of the particular employment and the circumstances of the particular case. 99 C. J. S. 813, 814, §232.

One exception to the general rule is where the means of transportation to or from work is furnished by the employer. *Zietlow* v. *Vickers* (1932), 94 Ind. App. 455, 181 N. E. 376. Professor Ben F. Small in his Workmen's Compensation Law of Indiana states in §7.7, beginning on p. 172:

"Another exception to the general rule is recognized in cases where the means of transportation to or from work is furnished by the employer. . . . Before compensation may be given in such cases the transportation must be furnished either as an express or as an implied part of the contract of employment. . . . However, the provision for transportation need not be expressed. An implied agreement will suffice if there is enough evidence to warrant the implication. . . . it is somewhat difficult in some cases to decide whether a particular accident occurred out of and in the course of the employment or out of and in the course of the employee's own private pursuits. This problem is usually left for the Board without much subsequent court interference."

In this case, the decedent was driving an automobile owned by the appellant corporation and was carrying

the appellant's funds for the purpose of depositing them in the bank.

The words "by accident arising out of and in the course of the employment" as used in the Workmen's Compensation Act should be given a broad and liberal construction in order that the humane purpose of their enactment may be realized. *Broderick Co.* v. *Flemming* (1946), 116 Ind. App. 668, 65 N. E. 2d 257.

For an accident to arise out of employment there must be a causal connection between it and the performance of some service to the employment, which is established when the accident arises out of a risk which a reasonably prudent person might comprehend as incidental to the employment at the time of entering into it, or where an incidental connection is shown between the condition under which the employee worked and the injury. *Lasear Inc.* v. *Anderson* (1934), 99 Ind. App. 428, 192 N. E. 762; *Burroughs Adding Machine Co.* v. *Dehn* (1942), 110 Ind. App. 483, 39 N. E. 2d 499; *Tom Joyce 7 Up Company* v. *Layman* (1942), 112 Ind. App. 369, 44 N. E. 2d 998; *Hayes* v. *Perry* (1946), 116 Ind. App. 590, 66 N. E. 2d 73.

Under the evidence it is our opinion that the Board was justified in holding that the decedent died as a result of injuries sustained in an accident arising out of and in the course of his employment with the appellant. In accordance with the authorities cited, an accident arises out of the employment when there is a causal connection between it and and the performance of some service of the employment. We are of the opinion that the evidence tending to show that the decedent was carrying the appellant's funds with him at the time of the accident, and that

it was the practice for him to deposit these funds in the Van Buren Bank the next morning before returning to work was sufficient to warrant the Board in finding a causal connection between the accident and his employment so as to render it compensable under the Act.

We believe there is no merit to the appellant's second contention that decedent died as the direct and proximate result of the commission of a felony or misdemeanor. This was a fact question for the Board. The evidence was not undisputed because it permitted several conflicting inferences. The burden to show the commission of a felony or misdemeanor by the decedent was upon the appellant under its answer. The evidence was ample to justify the Board in determining that there was no *wilful* failure or refusal of decedent to perform any statutory duty. There was no evidence or inference of unlawful speed. As to just how the accident occurred, that is, just what caused the accident, is not shown by the evidence. The only thing definitely proven was that decedent's automobile collided with the rear end of the car in which Alma C. Hoover was an occupant. The latter mentioned car was driven by the husband of said Alma but he did not testify. She said that it was "so foggy that you couldn't see ahead of you" and that they, Alma and her husband, were driving "I imagine" (words of Alma) "15 or 20"; that "I never do watch him" (her husband) ; that her car was struck in the rear; that she suffered personal injuries; that the back end of her car was caved in; that the whole "front side" was broken off and "thrown back into the back seat"; that she could not tell the exact distance decedent's car was behind her car; (how the collision of decedent's

car with the rear end of the Hoover car broke off the "front side" of the latter car is not disclosed by the evidence) ; that she remembered "going over a rise and hit a blanket of fog which remained constant," until her car was hit in the rear. Such evidence, while establishing an accident, did not establish that the accident was the proximate result of the commission of a felony or misdemeanor by decedent. See *Anti-Mite Engineering Co.* v. *Peerman* (1943), 113 Ind. App. 280, 285, 286, 287, 46 N. E. 2d 262.

Sec. 40-1208, Burns' 1952 Replacement, does not deny the allowance of compensation because of the *negligence* of the employee. It is confined to the *intentional* and *wilful* acts of the employee, "his intoxication, his commission of a felony or misdemeanor." Appellant does not contend that decedent was intoxicated or that he wilfully or intentionally failed to perform a statutory duty. Reliance is placed solely on the premise that the undisputed evidence affords only one inference and that is that decedent was guilty of a misdemeanor or felony. We are not in accord with this premise. We think varying inferences are afforded by the evidence as to just how the accident occurred and whether the decedent committed any unlawful act of misdemeanor or felony and, if so, whether the commission thereof was the proximate cause of the fatal accident. See *Hayes Freight Lines* v. *Martin* (1949), 119 Ind. App. 97, 84 N. E. 2d 205. Appellant's own witness gave evidence from which the Board could conclude that the fog was so heavy that the car preceding decedent's car was hidden therein so that decedent did not see it in time to avoid a collision. Further, the burden was on appellant to establish the alleged commission of a felony or misdemeanor by decedent, yet appellant's evidence failed to show that the rear

red tail lights of the Hoover car were burning at the time of the accident so as to warn followers on the highway in the heavy fog of the presence of the Hoover car. Without extending this phase of the opinion, we are unable to say that the evidence as to the question of alleged commission of a felony or misdemeanor by decedent was of such nature as to force us to a conclusion opposite of that reached by the Board.

It is our opinion that the evidence was clearly sufficient to sustain the award of the Full Industrial Board and the award was not contrary to law. A finding of fact by the Full Industrial Board is conclusive when supported by competent evidence, and an award based thereon wil not be disturbed on appeal. *Emmons* v. *Wilkerson, supra; Bell* v. *Goody, Goody Products Co.* (1945), 116 Ind. App. 181, 63 N. E. 2d 147; *Logan* v. *Acme Machine Products Div., supra; Lee* v. *Oliger* (1939), 107 Ind. App. 90, 21 N. E. 2d 65; *Kunkler* v. *Mauck* (1940), 108 Ind. App. 98, 27 N. E. 2d 97.

We find no reversible error and the award is therefore affirmed.

Bierly, Gonas & Kelley, JJ., concur.

NOTE.—Reported in 173 N. E. 2d 916.